## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Investment | ) | |
| Management LLC, *et al*., | ) | Case No. 15-11469 (LSS) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| Craig Jalbert, in his Capacity as Trustee | ) | |
| for F2 Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 17-50698 (LSS) |
| | ) | |
| v. | ) | |
| | ) | |
| Elena Zarubina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| Craig Jalbert, in his Capacity as Trustee | ) | |
| for F2 Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 17-50845 (LSS) |
| | ) | |
| v. | ) | |
| | ) | |
| Svitlana Senenko, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(2), (4), AND (5) FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENT PROCESS, AND INSUFFICIENT SERVICE OF PROCESS**

Elena Zarubina and Svitlana Senenko (each a "<u>Defendant</u>"), by and through their undersigned counsel, hereby file this motion, pursuant to Rule 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure, made applicable hereto by Bankruptcy Rule 7012, to dismiss the Trustee's *Complaint to Avoid and Recover Transfers* [Adv. D.I 1] (the "<u>Complaint</u>"), because the Trustee failed to serve Defendants in accordance with Rule 4 of the Federal Rules of Civil

Procedure and, consequently, this Court lacks the requisite personal jurisdiction over them to consider the relief requested in the Complaint.[1]  In support hereof, Defendants respectfully states as follows:

## PRELIMINARY STATEMENT

1. Ms. Zarubina is being sued for certain tax payments the Debtors made on her behalf in 2013, 2014, and 2015, and compensation they paid in exchange for her continued valuable services to the company, which was, in the spring of 2015, in the midst of preparing to sell itself as a going concern in a bankruptcy proceeding.  While $34,467.72, the aggregate amount the Trustee seeks to recover from her, may not seem like a large sum to some, it is a scary high amount for someone who has struggled to find work since the Debtors terminated her, has three mouths to feed, and lives from paycheck to paycheck.

2. Ms. Zarubina worked for the Debtors as a data analyst.  She performed operational functions, such as running PoRT[2] for existing clients and conducting research using the Debtors' PoRT and other in-house technologies and quality assurance functions, such as by performing model-based tests.  She generated monthly and *ad hoc* reports on her work.

3. Ms. Zarubina reported to Ms. Senenko, who also has been unemployed since the Debtors terminated her, and from whom the Trustee seeks to recover a whooping $168,236.63. Ms. Senenko, among other things

---

[1] Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Defendants state they do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Defendants have filed a motion to dismiss the Adversary Proceedings against them and specifically deny that this Court has personal jurisdiction over them.  By filing this objection, Defendants do not consent or otherwise submit to the Court's exercise of personal jurisdiction over them.

[2] Portfolio Replication Technology, or PoRT, was the Debtors' design for replicating and/or reconstructing the composition of mutual fund portfolios using publicly available information and mathematical engine based on machine learning.

- ❖ Organized, ran and supervised all operational processes.

- ❖ Developed, built, and maintained database-based calculation engines for the company's proprietary models calculations.

- ❖ Created new and modified existing company models in collaboration with the business team.

- ❖ Developed and implemented monitoring and error-checking systems to eliminate and fix inevitable human errors.

- ❖ Trained team members to use the company's products and processes, and planned and managed their work.

4. Ms. Zarubina and Ms. Senenko, like the rest of the team in New Jersey, post-Petition agreed to stay on with the company until a buyer was to be had, because, without the combined technological knowhow of the team, there was little value for the Debtors to sell. It is difficult to imagine any interest by prospective buyers of the Debtors' assets without the New Jersey team, including Ms. Zarubina and Ms. Senenko, intact.

5. Be that as it may, Adversary Proceeding must be dismissed before we even get close to its merits. This is so, because the Trustee failed to ensure that a valid summons issue and be served on Defendant by the Rule 4(m) deadline. Because Rule 4(m) only provides for an extension of the service deadline, upon a showing of cause, not of the summons issuance deadline, there is no set of circumstances, absent consent, by which this Court's personal jurisdiction can be established over Defendant in connection with the Adversary Proceeding. Because the Court lacks jurisdiction to adjudicate the avoidance claims against Defendant, they must be dismissed.

The Court of Appeals for the Third Circuit has held:

> A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. 2 James W. Moore, Moore's Federal Practice P 4.05 (2d ed. 1996) ("Under Rule 4(b) only the clerk may issue the summons . . . [A] summons issued by the plaintiff's attorney is a nullity."); *see also* 4a Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1084

(2d ed. 1987). Upon proper motion, or if the defendant raises the matter in the responsive pleading, such suit should be dismissed under Fed. R. Civ. P. 12(b)(2).

*Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). The same result should be reached here.

## JURISDICTION

6. The Court lacks personal jurisdiction over Defendant but has the authority to fashion the relief requested herein under 11 U.S.C. § 105 and Fed. R. Civ. P. 12(b)(2), (4), and (5), made applicable to bankruptcy proceedings by Bankr. R. 7012(b). 11 U.S.C. § 105 provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. *No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.*

11 U.S.C. § 105(a) (*emphasis* added). Fed. R. Civ. P. 12(b)(2), (4), and (5) provide for dismissal of a complaint for lack of personal jurisdiction, lack of process, and lack of service of process were deficient, respectively.

## PROCEDURAL AND FACTUAL BACKGROUND

7. On July 6, 2017, 2017, the Trustee filed the complaint initiating the above-captioned adversary proceeding against Ms. Senenko; the complaint against Ms. Zarubina was filed on July 7.[3]

8. On September 27, or almost twelve weeks later,[4] the Trustee filed a proof of service in the Adversary Proceeding stating that a summons and the Complaint had been "served" on

---

[3] Each of the complaints herein is referred to as a "Complaint" that initiated an "Adversary Proceeding."
[4] According to Google, this translates into 22.74% of the year 2017. (https://www.timeanddate.com/date/durationresult.html?m1=07&d1=06&y1=2017&m2=09&d2=27&y2=2017).

4

Defendant on August 11, 2017 [Adv. D.I. 4]. The summons filed with the proof of service on September 27 bears the date of August 11, 2017. However, a review of the docket reflects that no summons issued on or around that date.

9. Still on September 27, the Trustee noticed a pretrial conference to be held in the Adversary Proceeding one week later, or October 4, 2017. The Trustee unilaterally called of the pretrial conference on October 2.

## ARGUMENT

**I. DEFENDANT'S ADVERSARY COMPLAINT MUST BE DISMISSED BECAUSE THE TRUSTEE FAILED TO EFFECTUATE SERVICE OF A VALID SUMMONS BY THE RULE 4(M) DEADLINE AND THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT**

**A) What is a Summons?**

10. A summons is a piece of paper that alerts a defendant that a lawsuit has been commenced against him/her/it and directs the defendant to respond to the allegations therein within the time specified under the court's rules. The summons is issued by the clerk of the court where the complaint is filed to the party that filed the complaint for service. Some courts permit a plaintiff to present a prepared summons to the clerk for issuance. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. *If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.* A summons—or a copy of a summons that is addressed to multiple defendants— must be issued for each defendant to be served.") (*emphasis* added).

11. A valid summons is the product of a three-step process: the signing, the affixing of the seal, and the issuance. *See id*. ("sign, seal, and issue"). The United States Bankruptcy Court for the District of Delaware is unique among its state and federal sister courts in that it permits (and, in fact, requires, *see* Del. Bankr. L.R. 7004-2) attorneys to perform this task on behalf of the

5

clerk of Court by downloading a summons from the Court's website and affixing the clerk's seal and signature.[5] In order to complete the third step, i.e., for the summons to *issue*, it has to be filed with the Court by the attorney who completed it. In other words, the clerk delegates the task of filing the summons with the Court to the plaintiff's attorney, as an officer of the Court. The CM/ECF Manual provides detailed instructions in this regard:

> The procedure for the issuance of summons in adversary proceedings is as follows. Counsel shall complete Local Form 108 (Summons and Notice of Pretrial Conference in an Adversary Proceeding). This form should be downloaded from the Court's website. After the adversary proceeding has been opened, the completed Summons and Notice of Pretrial Conference should be e-filed. [. . .] This procedure will expedite the issuance of summons and obviate the necessity for having to wait for the issued summons to be completed and returned to counsel in hard copy form.

*Also see Davis v. Colvin*, 2014 U.S. Dist. LEXIS 198312, *49 (N.D. Cal. Feb. 18, 2014) ("In order to serve the complaint, you must first get a summons from the Court. You can get a form titled 'Summons in a Civil Action' from the Clerk's Office or at the Court's website. The Clerk must sign, seal, and 'issue' the summons to the plaintiff before it can be served on the defendant."). This additional step, the submission of the summons to the Court, is required for the summons to

---

[5] Other courts require or permit the plaintiff to prepare blank summonses, so that all the clerk has to do is sign, seal, and issue them. *See*, *e.g.*, Del. Dist. Ct. R. 4.1(a) ("upon or after the filing of a complaint, plaintiff [. . .] must present to the Clerk, for the Clerk's signature and seal, a completed form of summons for each named defendant. Upon issuance, the Clerk shall provide the summons to plaintiff [. . .] who shall be responsible for prompt service of the summons and a copy of the complaint on each named defendant."); Del. Super. Ct. Civ. R. 4(a) ("Upon the commencement of an action, the Prothonotary shall forthwith issue the process specified in the praecipe and shall deliver it for service to the sheriff [. . .]. The party requesting the issuance of process shall prepare a form thereof for signature by the Prothonotary under the seal of the Court."); Del. Ch. Ct. R. 4(a) ("Upon commencement of an action the plaintiff may present a summons to the Register in Chancery for signature and seal. If the summons is in proper form, the Register in Chancery shall sign, seal and issue it to the plaintiff for service on the defendant.") and 4(dc)(2)(a) ("If the summons presented by the plaintiff applying for service pursuant to 10 Del. C. § 3114 is in proper form, the Register in Chancery shall sign, seal and issue it to the plaintiff for service"). Plaintiffs in the Delaware Chancery Court must in the praecipe or summons instruction letter indicate whether they prepared the summons or are asking the Register in Chancery to do so.

assume legal force and effect and "assures the defendant that the process is valid." *Ayres*, 99 F.3d at 569.

### B) No Summons Issued in the Adversary Proceeding Within the Timeframe Contemplated by the Federal Rules, the Delaware District Court Rules, or the Local Bankruptcy Rules

12. Fed. R. Civ. P. 4(b) states that a summons shall issue at the time of the filing the complaint. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."). Similarly, Del. Dist. Ct. R. 4(a) provides that "upon or after the filing of a complaint plaintiff . . . must present to the Clerk, for the Clerk's signature and seal, a completed form of summons" for issuance, and that plaintiff must "prompt[ly]" serve the summons and complaint. Rule 7004-2 of this Court's Local Rules echo the mandates of the Federal and Local District Court Rules.[6]

13. Here, the Complaint was filed on July 6/7, 2017. It is possible that, on or around that time, the Trustee's counsel affixed the Court's seal and signature to the Court's form summons; the summons filed with the proof of service filed on September 27 bears the date August 11, 2017. However, a review of Defendant's Adversary Proceeding docket shows that no summons issued on or around July 7, around August 11, or, for that matter, at all. In other words, the Trustee failed to take the third step required by Rule 4, discussed above.

### C) The Court Lacks the Requisite Personal Jurisdiction over Defendant to Adjudicate the Adversary Proceeding

---

[6] Rule 7004-2 provides:
> A party or attorney filing a complaint or third-party complaint shall prepare a Summons and Notice of Pretrial Conference in an Adversary Proceeding (Local Form 108). [. . .] The completed summons and certificate of service shall be filed in the adversary proceeding. The party or attorney filing the complaint or third-party complaint shall be responsible for serving the summons and complaint.

Del. Bankr. L.R. 7004-2.

14. Failure to file a completed summons with the Court, i.e., for the summons to issue, has the same practical effect as serving an unsigned summons: it results in service being deficient. *Cf. Barrett v. City of Allentown*, 152 F.R.D. 46, 49 (E.D. Pa. 1993) ("Failure to have a summons signed by a clerk is a serious deficiency which cannot be overlooked. […] An unsigned summons demonstrates a flagrant disregard for the rules of procedure and suggests that the summons was issued by a plaintiff and not the court Clerk."); *see* Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)").

15. Unless a summons issues and is served properly, a court lacks personal jurisdiction over the defendant. *See*, *e.g.*, *Ayres*, 99 F.3d at 568 ("The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant."); *Douge v. Nationstar Mortg. LLC*, 2016 U.S. Dist. LEXIS 39824, *6 (E.D.N.Y. Mar. 27, 2016) ("Service of process is not a mere technicality but a requirement to afford proper regard to due process."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (holding that valid service is a prerequisite to personal jurisdiction); *Wormack v. Shinseki*, 2012 U.S. Dist. LEXIS 126700, *11-12 (W.D. Pa. Sep. 6, 2012) ("Because the parties cannot waive a void summons, the failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case.") (citing *Ayres*). As the SCOTUS previously has stated:

> "The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. . . It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Insurance Corp. of*

> *Ireland* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).
>
> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp.* v. *Murphree*, 326 U.S. 438, 444-445 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital Int'l.*, 484 U.S. at 104. An application of the foregoing precedent compels the conclusion that the Court lacks personal jurisdiction over Defendant for lack of service of a (valid) summons.

### D) The Court Cannot Acquire Jurisdiction Over Defendant in the Adversary Proceeding *in the Future* Because Issuance of the Summons is Time-Barred

16. Fed. R. Civ. P. 4(b) provides that a summons must be issued "[o]n or after filing the complaint[.]" Fed. R. Civ. P. 4(c)(1) provides that "[a] summons must be served with a copy the complaint." The plaintiff is responsible for having the summons and complaint *served* within the time allowed by Rule 4(m).") (*emphasis* added). Again, a review of the docket of the Adversary Proceedings shows that no summonses issued therein within the time limitations contained in Rule 4(m), or October 4, 2017. Consequently, the issuance of a summons in the Adversary Proceedings now is time-barred, and absent voluntary consent or the re-filing and proper service of the Complaint, this Court cannot obtain jurisdiction over Defendant in the future.

### E) Because Service Is Deficient and Time-Barred, the Adversary Proceedings Must be Dismissed Under Fed. R. Civ. P. 12(b)(2), (4), and (5)

9

17. For the reasons set forth above, the Court lacks personal jurisdiction over Defendant in the Adversary Proceeding and cannot obtain such jurisdiction in the future. Fed. R. Civ. P. 12(b)(2), (4), and (5) provide the basis for dismissal of a lawsuit on the basis that the court lacks personal jurisdiction over the defendant and process and service of process were deficient, respectively. Fed. R. Civ. P. 12(b)(2), (4), and (5) apply here and provide the basis for a dismissal of the Adversary Proceeding.

## CONCLUSION

WHEREFORE, the Adversary Proceeding against the Defendant should be dismissed with prejudice.

Respectfully submitted,

Dated: November 15, 2017
Wilmington, Delaware

KLEIN LLC

*/s/ Julia Klein*
Julia B. Klein (Bar No. 5198)
919 North Market Street
Suite 600
Wilmington, Delaware 19801
Phone: (302) 438-0456
Fax: (302) 300-1733

*Counsel for Defendant*

1